The complainant, living' in Great Britain, by his bill, stated himself to be a considerable creditor of the intestate of two of the defendants. The intestate lived and *died in the District of Columbia, and administration of his goods and chattels in that District was granted to two of the defendants, who also reside there. Administration of the goods and chattels of the intestate being in this commonwealth, was also granted to the same defendants in one of the County Courts in Virginia. Sundry debts due to the intestate, some in the District of Columbia, and others' in this commonwealth, were attached in the hands of the other defendants, to satisfy the complainant’s demand.
The defendants, the administrators, having filed their answers, now moved to discharge the attachment against the other defendants, without security;
1. Upon the ground that suits for the same matters and things are brought and now depending in the District of Columbia ;
2. That part of the debts attached are due in Columbia from persons residing' there, and therefore the attachments should be discharged as to those debts, the debtors not being amenable to the process of this Court; and,
3. That as administrators they have already given security, and are not bound to give any now.
By the Court. A decision of the last point will be sufficient at present. There can be no doubt but, if an executor or administrator obtains an injunction, an appeal, writ of error, or supersedeas, he is not ruled to give security, (1) except in cases where a judgment for a devastavit has been obtained against him ; and, if he is sued, he is not ruled to give bail; (a) because he represents the estate of a deceased person, for the faithful administration of which he has already given’security, and if, in prosecuting or defending any suit for or against his testator or intestate, as the case may be, he does that which in law is injurious to a creditor, the securities for his administration are.liable; and, because too, if you compel him to give security in those cases, in order that he may be enabled to do justice to his testator’s or intestate’s estate, you compel him to make the debt his own, although he should be guilty of no improper act. It is the usual course of the country — it is every day’s practice in all our Courts of law and equity, to allow an executor or administrator, who stands in right of another, to prosecute or defend himself without security. *And why should he not, in a case like the present ? It is contended, by the complainant’s counsel, that the administrators should give security, because the words of the statute(b) are general, and make no exception as to executors or administrators. But though the words of this statute be general, they are not more so than the words of the statute relative to an injunction, in the same book ;(c) nor are they more so than the statute concerning appeals, writs of error, or supersedeas, (d) Yet, in all those cases, the rule has prevailed, that executors or administrators may obtain an injunction, an appeal, a writ of error, or supersedeas, without security, upon this plain construction of the statutes before mentioned, that, though their words be general, they can only be applied to those persons who stand upon their own rights, and shall not be allowed to delay others, until they-have done that which executors and administrators have done, that is to say, given security. If this be a sound exposition of these statutes, such must also be the con struction of the one under consideration ; and therefore, no good reason can be given to prevent the two defendants who are administrators, from having the attachments in this case discharged, without other security than that which they have given for their administration. To say that the attachments shall continue, notwithstanding the defendants have entered their appearance and filed their answer, may be to compel those defendants to commit a devastavit, an act which, under certain circumstances, that sometimes occur, this Court would lend its aid to prevent, but will not be the means of producing.
But the counsel for the complainant has assimilated this case to that of a ne exeat. At first there did appear to be some force in the observation, but, upon examination, the Court is satisfied that the analogy fails. To require of the administrators in this case, security, before they shall be allowed to have the attachments'discharged, whereby they would be enabled to collect the debts of their intestate, would be to require of them, whether they have assets or not, bond with security to perform the ultimate decree of the Court: but this would not be required of them, if they were under a ne exeat, issued from this Court, in their present characters ; but only security that they should not depart from this commonwealth, until they should account for the assets in their hands. This would not be an unreasonable ^request, because the moment they did so, the ne exeat would be discharged, *19 without security to perform the final decree. However, upon this particular point, the Court is only to be understood as reasoning' by analogy, and not determining any thing with respect to it.
Upon the whole, the Court is clearly of opinion, that the attachments should be dis-chaaged, at the instance of the administrators, without security, it appearing, to the entire satisfaction of th,e Court, that they have given security for their administration, in the County Court of Fairfax. The attachments were thereupon discharged, and an account directed, at the request of the complainant. _

 See post, p. 26, Sadler’s executors and legatees v. Green.

3 Bac. Ab. Gwil. Edit. 101, tit. Ex’rs and Adm’rs, let. (P.)

 Rev. Code, vol. 1, c. 78, sect. 2, 3, p. 115.

 Ibid. c. 64, sect. 55, 56, p. 68.

 Ibid. c. 66, sect. 56, p. 82.